THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AMÉRICO ORTIZ PÉREZ, Defendant and Appellant.

No. 13126. Argued April 1, 1948.—Decided April 27, 1948.

*L. Coballes Gandía* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Américo Ortiz Pérez was accused of murder in the first degree in the District Court of Mayagüez. He was convicted by a jury of murder in the second degree and sentenced by the court, after a new trial had been denied, to serve from twelve to fifteen years' imprisonment at hard labor. Feeling aggrieved by this judgment as well as by the order denying the motion for a new trial, he appealed and alleges that the lower court abused its discretion in refusing to grant a new trial and that it erred in failing to charge the jury on the crime of manslaughter.

The motion for a new trial was based on newly discovered evidence and on the fact that the court did not charge the jury on the crime of manslaughter. The court dismissed the motion and citing *People* v. *Morales,* 66 P.R.R. 9, stated that "the newly discovered evidence is not credible, it is cumulative to a certain extent, it substantially impeaches the evidence adduced at the trial (especially the testimony of defendant himself) and it would probably not produce a different result."

In *People* v. *Morales, supra,* after citing numerous cases and authorities, we held that a motion for new trial can be granted *only* if the new evidence (1) could not with reasonable diligence have been discovered prior to trial, (2) it is not merely cumulative, (3) it does not impeach the testimony adduced at the trial, (4) the new evidence must be credible and (5) it would probably produce a different result. In that case we assumed without discussion that the first three requirements were established to the satisfaction of the district court, but considering that the last two were not, and "bearing in mind that Section 303 of the Code of Criminal Proce-

634

dure provides that the district court may, not must, grant a new trial on the ground of newly discovered evidence and that this court has said that motions for a new trial are 'generally regarded with distrust and disfavor'[1]" we affirmed the judgment denying a new trial.

In the instant case it is plain that the trial court expressly stated that appellant's motion did not comply with four of the five requirements established in *People* v. *Morales, supra.* Assuming that it had complied with the first, to wit, that the newly discovered evidence could not with reasonable diligence have been discovered prior to the trial, since it did not appear from said evidence that it complied with the other four requirements, it is obvious that the motion should not be granted. We have examined the three affidavits of Angel García, Enrique Soltero Vázquez and Benigno Tua presented by appellant together with his motion for new trial in the lower court and in our opinion the court did not err in concluding that they were not sufficient to support the motion. This testimony clearly tended to impeach not only the evidence of the People but also the testimony of defendant himself. At the trial the evidence for the prosecution as well as that for the defense, revealed that when the defendant fired his gun at Juan Bautista Santiago, in the courtroom of the District Court of Mayagüez, and while Santiago was waiting in a bench for the commencement of a trial for murder which was being prosecuted against him for having killed the brother of appellant herein, said Santiago did not attack or take out any weapon to injure appellant. Nevertheless, the three witnesses whose affidavits are presented in support of the motion for a new trial, for the first time state that they saw when Santiago took out a razor, opened it, concealed it in the palm of his right hand and sprang on appellant herein. This evidence, even assuming that it were newly discovered, is not only incredible under the circumstances of the case, but it tends to impeach the evidence introduced at the trial. How

---

[1] *People* v. *Español*, 16 P.R.R. 203; *The People* v. *Lebrón*, 23 P.R.R. 611, 616.

is it possible to believe evidence which seeks to maintain that a person who is waiting for the commencement of a trial being held against him for the offense of killing the brother of appellant attacks the latter with a razor in open court, while during the trial not a single witness testified as to this assault?

The lower court did not err, as we have said, in dismissing the motion for new trial nor in refusing to charge the jury on the crime of voluntary manslaughter.

██ There is nothing in the evidence even tending to show that the death of Santiago was caused by reason of a sudden quarrel or heat of passion. Section 203, Penal Code. On the contrary, the evidence which was believed by the jury, clearly established the crime of murder, and therefore the court was not bound to charge the jury on manslaughter. *People* v. *Rosado*, 17 P.R.R. 417; *People* v. *Negrón*, 37 P.R.R. 765. Furthermore, the transcript of the evidence shows that the defendant did not pray the lower court to give instructions to the jury on said offense. Nor did he take any exception as to those which were given. It is in the motion for new trial that for the first time he raises this question and, therefore, he waived any nonprejudicial error that might be found in the instructions. *People* v. *Rosado, supra; People* v. *Millán*, 66 P.R.R. 233 and *People* v. *Márquez*, 67 P.R.R. 303. And the error in the instant case is not prejudicial because, as we have said, the evidence did not warrant a charge on the crime of homicide.

Judgment is affirmed.